28342. GOLDSTEIN *v.* CITY OF ATLANTA.

DECIDED NOVEMBER 26, 1940. REHEARING DENIED DECEMBER 13, 1940.

*Noah J. Stone,* for plaintiff in error.

*J. C. Savage, J. C. Murphy, E. L. Sterne, Frank A. Hooper, Jr.,* contra.

BROYLES, C. J. The petition for certiorari, which was sanc-

30

tioned, alleged that petitioner was convicted, in the recorder's court of the City of Atlanta, of violating section 1834 of the City Code of Atlanta which provides that any person, firm, or corporation, required by the tax ordinance of the city to register and pay the registration tax on his business, and who fails to do so, is subject to be arrested, tried in the recorder's court, and, if convicted of violating said Code section, to be fined not exceeding one hundred dollars, or imprisoned not exceeding thirty days, in the discretion of the court. There is no merit in the allegation in the petition for certiorari that said Code section 1834 was repealed by the tax ordinance enacted by the mayor and council of the City of Atlanta covering the fiscal year from July 1, 1938, to June 30, 1939, and which provided that "all ordinances and parts of ordinances in conflict with this ordinance are hereby repealed." The ordinance embodied in section 1834 of the City Code was not specifically repealed by the tax ordinance, and it is well settled that "Repeals by implication are not favored, and a later statute will not be construed to repeal a prior act on the same subject where there is no irreconcilable repugnancy between the two." *Moore* v. *State*, 150 *Ga.* 679 (104 S. E. 907). In the instant case, there is no such repugnancy between the two ordinances in question. The petition for certiorari further alleges that the City Code was not adopted by an ordinance of the City of Atlanta as required by law. In his untraversed answer the recorder denied that allegation and quoted the ordinance adopting the Code. The petition assigns as error the admission in evidence of the following rule of the State Department of Revenue: "Section 4. It being provided in Section 1 of this act (veterans license act) that applicants for certificates of exemption must be suffering from a physical handicap disabling to 10% or more, and not be subject to Federal income taxes, it is therefore presumed to be the intent of the General Assembly that no certificate shall be issued effective beyond the year in which it is issued, since both physical disability and the payment of Federal income taxes are conditions that may vary. All applicants, therefore, desiring veterans' certificates of exemption are required to present an application in each and every calendar year, when such certificate of exemption is desired, on forms as required, which form shall give the information and be certified as required by law and these rules." The objection to the admission of the

evidence was that the revenue commission had no authority to pass such a rule, and that it was contrary to law and prejudicial to the accused. The act of 1935 (Ga. L. 1935, p. 163) vested in the State Revenue Commission quasi-judicial powers and discretion, and in our opinion the revenue commissioner had authority to pass the rule in question, and it was properly admitted in evidence. The other special assignments of error in the petition for certiorari show no cause for a reversal of the judgment. The evidence before the recorder authorized his judgment; and the overruling of the certiorari was not error for any reason assigned.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*